**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**AIKEN DIVISION**

| | | |
|---|---|---|
| Richard Dublin, | ) | Cr. No. 1:03-0834 |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the Court on the motion of Richard Dublin ("Movant") to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. § 2255 (2012). ECF No. 118. Movant is proceeding *pro se*. For the reasons below, the Court finds that this is an unauthorized, successive petition and therefore dismisses Movant's § 2255 Motion without prejudice.

## I. PROCEDURAL BACKGROUND

Movant was indicted for one count of conspiracy to possess with the intent to distribute cocaine base (commonly known as "crack" cocaine), three counts of possession with intent to distribute cocaine base, and for possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). ECF No. 31 (Superseding Indictment). Movant entered a guilty plea to one count of possession with intent to distribute cocaine base on March 30, 2004. ECF No. 46. On July 27, 2005, Movant was sentenced to life in prison. ECF No. 71. Movant timely filed an appeal. The Court of Appeals for the Fourth Circuit affirmed Movant's conviction and sentence on July 13, 2006. ECF Nos. 78 & 79.

On November 2, 2007, Movant filed his first motion to vacate under § 2255. ECF No. 80. This court denied the motion on March 30, 2011. ECF No. 103. The Court of Appeals for the Fourth Circuit affirmed on August 30, 2011. ECF Nos. 116 & 117.

On August 20, 2012, Movant filed a second motion to vacate under § 2255. ECF No. 118. The Government filed a motion to dismiss on September 7, 2012. ECF Nos. 122 & 123. By order filed September 7, 2012, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1995), Movant was advised of the dismissal procedures and the possible consequences if he failed to respond adequately. ECF No. 124.

Movant subsequently filed a motion to transfer, appoint counsel, hold hearing, strike and stay sentence (ECF No. 126), a motion to amend (ECF No. 127), a motion to vacate sentence and to hold a ruling on the motion to vacate sentence in abeyance (ECF. No. 129), and a motion to withdraw an unspecified previous motion as having been sent in error (ECF No. 130). The court entered an order on December 16, 2013 ordering Movant to notify the court of the motion that is the subject of the motion to withdraw no later than December 31, 2013. ECF No. 131. The court never received a reply from Movant. Accordingly, the court will rule on Respondent's motion to dismiss.

## II. DISCUSSION

Movant's instant § 2255 motion is successive. Pursuant to 28 U.S.C. § 244(b)(3)(A) (2012), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See also* § 2255(h) (stating that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals"). Thus, Movant must first obtain an order from the United States Court of Appeals for the Fourth Circuit before this Court will consider any second or successive petition under 28 U.S.C. § 2255. Movant has not requested such an order in this case. Accordingly, this successive petition must be dismissed. *See Burton v. Stewart*, 549 U.S. 147, 152-53 (2007) (holding that failure of a movant to

obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place").

### III. CONCLUSION

Movant's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, ECF No. 118, is **DISMISSED** without prejudice. Movant's other pending motions, ECF Nos. 126, 127, 129, and 130, are **DENIED** as moot. The Government's motion to dismiss without prejudice, ECF No. 123, is **GRANTED**.

### CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Rose v. Lee*, 252 F.3d 676, 683–84 (4th Cir. 2001). The court concludes that Movant has not made the requisite showing. Accordingly, the court **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

s/ Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

October 9, 2014
Columbia, South Carolina