IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| United States of America )<br>　　　　　　　　　　　　　　　　　　　)<br>　　　vs.　　　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　)<br>Richard Dublin,　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　)<br>　　　　　　Defendant.　　　　　　　　　)<br>_____) | Cr. No. 1:03-834<br><br>**ORDER AND OPINION** |

　　　On March 30, 2004, Defendant Richard Dublin pleaded guilty to Count 4 of a superseding indictment charging possession with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1). Defendant was subject to a statutory mandatory term of twenty years to life imprisonment based upon an Information filed pursuant to 21 U.S.C. § 851 seeking an enhanced sentence because Defendant possessed one prior felony drug offense in state court (ECF No. 18). The plea agreement stipulated that Defendant's properly calculated base offense level was 34; that Defendant should receive a two-level enhancement for possession of a firearm pursuant to U.S.S.G. § 2D1.1(b)(1); that Defendant should not receive an increase for his role in the offense; that Defendant should receive a three-level reduction for acceptance of responsibility; and that there is insufficient evidence to support an increased offense level pursuant to U.S.S.G. § 2D1.1(d)(1). ECF No. 44, 8.

　　　A presentence report (PSR) was prepared by the United States Probation Office (USPO) that attributed to Defendant 3.7 kilograms of cocaine and 20.3 kilograms of cocaine base. Defendant's criminal history points equaled 2. An additional 2 points were added because Defendant was on state probation at the time the instant offense. Defendants criminal history points were 4, for a criminal history category of III. The USPO determined that Defendant had not been truthful with

investigators about his involvement in the within criminal offense, such that he should be denied the benefits of the plea agreement. The base offense level for Count 4 was 43 pursuant to U.S.S.G § 2D1.1(d)(1) and a cross-reference for murder of a government informant. Defendant received a 2-level increase for obstruction of justice, for an adjusted offense level of 45. He received no credit for acceptance of responsibility. Under U.S.S.G. Chapter 5, Part A, Application Note 2, the total offense level became 43. Based on a total offense level of 43 and a criminal history category of III, Defendant's guidelines range was life imprisonment. On July 21, 2005, the court held a sentencing hearing. The court found that Defendant had breached his plea agreement. Defendant was committed to the custody of the Bureau of Prisons for a term of life, to be followed by a term of supervised release for 10 years. Judgment was entered on July 25, 2005.

On October 9, 2019, Defendant, proceeding pro se, filed a motion to reduce sentence pursuant to the First Step Act, asserting the penalty for fifty grams of cocaine base has been reduced. The government filed a response in opposition on November 26, 2019. On December 5, 2019, a supplemental motion to reduce sentence was filed by the Federal Public Defender. By order filed January 10, 2020, amended January 16, 2020, the court denied Defendant's motions, holding that the First Step Act had no impact on Defendant's applicable guidelines range, which was driven by a cross-reference for murder. Defendant timely appealed. On July 16, 2021, the Court of Appeals for the Fourth Circuit remanded the case in light of United States v. Chambers, 956 F.3d 667 (4th Cir. 2020), and United States v. Collington, 995 F.3d 347 (4th Cir. 2021). The USPO filed a sentence reduction report on August 23, 2021, again finding that the retroactive provisions of the First Step Act had no impact on Defendant's applicable guidelines range. Defendant filed a supplemental motion to reduce sentence on September 14, 2021.

The Fair Sentencing Act of 2010 increased from 50 grams to 280 grams the amount of cocaine base necessary to implicate the 10-year mandatory minimum sentence under § 841(b)(1)(A). The Fair Sentencing Act had the effect of lowering the 100-to-1 cocaine base-to-cocaine power ratio to 18-to-1. Dorsey v. United States, 567 U.S. 260, 269 (2012). Section 404 of the First Step Act of 2018 made the changes promulgated under the Fair Sentencing Act retroactive if a defendant had been convicted of a "covered offense"; the offense had been committed before August 3, 2010; and the defendant had not already received a reduction under the Fair Sentencing Act. Pub. Law No. 115-391, 132 Stat. 1594 (2018). In this case, Defendant was convicted of a "covered offense" because he pleaded guilty to possession with intent to distribute 50 grams or more of cocaine base. See Gravatt, 953 F.3d at 264. Defendant's statutory sentence under current law would fall under § 841(b)(1)(B). Under § 841(b)(1)(B), Defendant is subject to a statutory sentence of not less than 10 years and not more than life if his prior drug offense is used to enhance his sentence. Absent the prior drug offense, Defendant's statutory sentence is not less than 5 years and not more than 40 years.

Defendant asserts that his statutory maximum sentence is not more than 40 years because his prior drug offense would not be deemed a "serious drug felony" under the current version of § 841(b)(1)(B). The version of § 841(b)(1)(A) under which Defendant was sentenced provided for a sentence of 20 years to life if the defendant had been convicted of two or more "felony drug offenses." A "felony drug offense" was defined under 21 U.S.C. § 802(44) to mean "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." The current version of § 841(b) provides that an individual's sentence may be enhanced if that individual has been convicted for a "serious

3

drug felony." A "serious drug felony" means an offense described under 18 U.S.C. § 924(e)(2), for which the offender served a term of imprisonment of more than 12 months; and the offender's release from any term of imprisonment was within 15 years of the commencement of the instant offense. 21 U.S.C. § 802(57). Section 924(e)(2) provides that a "serious drug offense" is:

> (i) an offense under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46 for which a maximum term of imprisonment of ten years or more is prescribed by law; or
>
> (ii) an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law[.]

The § 851 Information filed by the government notified Defendant that he was subject to an increased penalty based upon the following convictions:

> Possession of Cocaine  Johnston Police Department, Offense Date 8/6/98, Conviction Date 3/22/00.

ECF No. 18.

Paragraph 88 of the PSR provides that Defendant was sentenced to two years confinement suspended upon two years probation and 200 hours of community service work and completion of GED. Substance abuse and drug and alcohol testing also were ordered. ECF No. 69. 22. As Defendant states, this conviction would not meet the criteria for a "serious drug felony" within the meaning of § 851 because he did not serve twelve months incarceration and the offense did not involve manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance.

Other district courts in this Circuit have taken a comprehensive approach to resentencing

4

under the First Step Act, and have looked beyond the retroactivity of Section 404. See United States v. Wilson, Crim. No. RDB-03-0309, 2021 WL 1312904 (D. Md. Apr. 7, 2021) (finding that the court was not bound by the 20-year mandatory minimum sentence required by § 851 as it existed at the time of the original sentencing, and that a reduction is consistent with the § 3553(a) factors); United States v. Sappleton, Crim. No. 01-284-PJM-3, 2021 WL 598232 (D. Md. Feb. 16, 2021)("[I]t would be inconsistent with the remedial purpose of the First Step Act to apply statutory penalties that Congress has since reduced and restricted by narrowing the types of convictions that trigger enhanced penalties."); United States v. Day, 474 F. Supp. 3d 790, 801 (E.D. Va. 2020)("[A] reduced sentence imposed under § 404 is not in any sense a continuation of Defendant's original pre-First Step Act sentence, but rather the imposition of a new, never-before-imposed sentence. Defendant therefore will receive 'a sentence for [a covered] offense' that 'has not been imposed as of December 21, 2018' and the penalties to be applied are those that exist at the time of resentencing, including any reduced penalties enacted as part of the First Step Act.").

The Fourth Circuit also has instructed district courts to consider post-sentencing rehabilitation evidence when reviewing § 3553(a) factors. Chambers, 956 F.3d at 674-75. Defendant's Summary Reentry Plan - Progress Report shows that Defendant has been employed during service of his federal sentence as an orderly, compound, hospital orderly, chaplain's clerk, dining hall worker, safety officer, religious service orderly, and by Unicor. ECF No. 173, 2. He earned his GED while in custody of the Bureau of Prisons, and makes an effort to participate in programs available to him. Id. at 2-3. Defendant received discipline reports for being in an unauthorized area on December 13, 2011 and January 17, 2012; being unsanitary or untidy on June 23, 2015; and possessing a hazardous tool on July 7, 2021. Defendant has fulfilled his obligation

to the Inmate Financial Responsibility Program. Id. at 3, 4. Defendant has strong family support, as evidenced by letters submitted in conjunction with his motion, and has offers of employment upon his release. ECF No. 174.

Defendant is 44 years old. He states that if he is released in four years, he will be forty-eight years old; and if he is released in seven years, he will be fifty-one years old. His age places him at a possible recidivism rate of approximately ten to twenty-five percent, depending on a number of factors. The Effects of Aging on Recidivism Among Federal Offenders, United States Sentencing Commission (2017). Defendant has received credit for time served since August 22, 2003, a little more than eighteen years. Defendant also notes that the court recently granted a motion for compassionate release for a co-defendant, Darrell Mays, and reduced his sentence to 360 months' imprisonment. Defendant argues that their criminal histories are similar enough that the court should avoid an unwarranted sentencing disparity by reducing Defendant's sentence to at least 360 months also. Defendant further argues that, if the court had applied a 1:1 cocaine to cocaine base ratio at his sentencing, his base offense level, setting aside the cross-reference for murder, would have been 32 (3.7 kilograms of cocaine + 20.3 kilograms of cocaine base = 24 kilograms of cocaine with 1:1 ratio). Under this scenario, Defendant would have received an additional 2 levels for possessing a firearm, 4 levels for his role in the office, and 2 points for obstruction of justice, for a total offense level of 40. See ECF No. 69-70. His guidelines utilizing a criminal history category of III yields a guidelines range sentence of 360 months to life incarceration.

For the reasons stated, and considering the § 3553(a) factors, including the nature and circumstances of the offense and history and characteristics of Defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just

6

punishment for the offense; to afford adequate deterrence to criminal conduct; to provide Defendant with needed educational or vocational training; and to avoid unwarranted sentencing disparities, the court finds that Defendant is entitled to a reduction as to Count 4.  Defendant's motions to reduce sentence (ECF Nos. 140, 147, 172) are granted as hereinafter set forth.  The court finds the following sentence to be sufficient, but not greater than necessary, to effect the purposes of sentencing: Defendant is sentenced to the custody of the Bureau of Prisons for 360 months, to be followed by a term of supervised release for 8 years.  All remaining terms of the judgment entered July 25, 2005 remain in effect.  Defendant is strongly encouraged to take advantage of educational opportunities available to him and to maintain a clean disciplinary record.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

December 20, 2021